CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 26 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JEREMY HUTCHERSON, ) | |
| Plaintiff, ) | Civil Action No. 7:10-cv-00060 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JAMES BERKLEY PRIEST, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

This matter is before the court on Jeremy Hutcherson's civil rights action, brought pursuant to 42 U.S.C. § 1983, against Hutcherson's defense counsel, a state court judge, a prosecutor, and a clerk of court, requesting that the court dismiss his state criminal charges, or grant him a new trial, and award him damages. The court finds that Hutcherson's claims are not properly raised in a § 1983 action at this time, that defense counsel is not a proper defendant in a § 1983 action, and that the judge, the prosecutor, and the clerk have immunity. Accordingly, the court dismisses Hutcherson's action without prejudice as frivolous.

## I.

Hutcherson alleges that his defense counsel "misrepresented" him and continued acting as Hutcherson's attorney after a conflict of interest arose. Hutcherson states that a Halifax County Circuit Court judge and a Halifax County prosecutor violated Hutcherson's constitutional rights because both were aware of Hutcherson's defense counsel's "alcohol conviction," yet they allowed defense counsel to continue representing Hutcherson at trial. Finally, Hutcherson alleges that the Clerk of the Halifax County Circuit Court did not allow Hutcherson to file a motion on his own behalf. Hutcherson does not explain what kind of motion he attempted to file, state why the clerk did not allow Hutcherson to file the motion, or indicate that he suffered any actual injury as a result of the motion not being filed. As relief to this § 1983 action, Hutcherson asks the court to dismiss

his state charges[1] or grant him a new trial and award him the "maxim[um] amount" of damages permitted under this action.

## II.

It is not clear what constitutional violations Hutcherson is claiming; however, the relief he seeks is not available to him in a § 1983 action at this time. To the extent Hutcherson asks the court to dismiss his state criminal charges or grant him a new trial, such relief is exclusively available in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Accordingly, the court denies Hutcherson's request to dismiss the state criminal charges against him or grant him a new trial.

Further, to the extent Hutcherson asks for damages on the basis that his confinement is unconstitutional, his claim fails. In order to recover damages for unlawful confinement, Hutcherson must demonstrate that his current confinement was "declared invalid by a state tribunal authorized to make such determination" or that it was "called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As Hutcherson's confinement has not been declared invalid by a state tribunal and a writ of habeas corpus has not been issued, he cannot recover damages.

---

[1] The court notes that although Hutcherson has been tried and found guilty on the charges against him in the Halifax County Circuit Court, he has not yet been sentenced and, thus, final judgment has not yet been entered against him.

2

## III.

Furthermore, the court finds that Hutcherson cannot maintain his instant claims against the named defendants in a § 1983 action. To the extent Hutcherson brings this action against his criminal defense counsel, the court finds that defense counsel is not amenable to suit under § 1983. To the extent Hutcherson brings this suit against a state court judge, the court finds that the judge is entitled to judicial immunity. To the extent Hutcherson brings this suit against a state prosecutor, the court finds that the prosecutor is entitled to absolute immunity in this matter. Finally, to the extent Hutcherson brings this suit against the clerk of court, the court finds that the clerk is entitled to quasi-judicial immunity.

To state a cause of action under §1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-24 (1981); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Therefore, the court finds that Hutcherson cannot maintain this action against his defense counsel.

It is well settled that judges are absolutely immune from suit under § 1983 for acts committed within their judicial discretion, even if the acts were allegedly done either maliciously or corruptly. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "A judge will not be deprived of immunity

3

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump, 435 U.S. at 355-56. When determining whether an act is judicial, the court looks to the nature of the act itself (whether it is a function normally performed by a judge) and the expectation of the parties (whether they dealt with a judge in his/her judicial capacity). See Forrester v. White, 484 U.S. 219 (1988); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (issuance of a court order is a judicial act). Inasmuch as Hutcherson's allegation regarding the Halifax County Circuit Court judge involves judicial acts, the court finds that the judge is entitled to absolute judicial immunity.

A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). A prosecutor's decision to prosecute a case and how to proceed with the prosecution are "quasi-judicial" decisions, and therefore, the prosecutor is entitled to absolute immunity. See Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996) (The decision as to "whether and when to prosecute" is "quasi-judicial," so prosecutor enjoys absolute immunity.); Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) (decision to go forward with prosecution is covered by absolute immunity). Therefore, the court finds that the prosecutor is entitled to absolute immunity in this case.

The Clerk of the Halifax County Circuit Court is entitled to quasi-judicial immunity because at all times relevant to this case, he was acting in his role as clerk. As the Fourth Circuit recognized in Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975), individuals cannot be sued for damages in a § 1983 case for actions stemming from the performance of quasi-judicial functions. The purpose

4

of absolute quasi-judicial immunity for those who perform quasi-judicial functions is "to protect their decision making function from being impeded by fear of litigation or personal monetary liability." Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th Cir. 1999). The court finds that the Clerk of the Halifax County Circuit Court is entitled to quasi-judicial immunity because his actions were "judicial act[s] . . . having an integral relationship with the judicial process." Wymore v. Green, 245 F.App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents). Based on the foregoing, the court finds that Hutcherson cannot maintain this action against any of the named defendants.

## IV.

For the reasons stated, the court dismisses Hutcherson's complaint without prejudice as frivolous.

The Clerk of the Court is directed to send a certified copy of this Order and accompanying Memorandum Opinion to the plaintiff.

ENTER: This 26th day of February, 2010.

United States District Judge